I'm just going to finish a note here, it'll take me one second. Go right ahead. Thank you, Your Honor. May it please the Court, Roe v. Rameel, on behalf of the appellants Thomas and Dina Bohannon, I'd like to reserve three minutes for rebuttal and I'll watch the clock. Sure. First, I want to thank the panel for its pre-argument order. That will be the very first substantive issue I address, but if I could just briefly provide some context for how this dispute arose. Appellants bought a home that had serious undisclosed and latent construction defects. They discovered those problems shortly before the 10-year statute of repose under California law expired. Based on incomplete information from the seller, who's the subject of a separate arbitration, and what I would call cryptic and incomplete county building records, they attempted to identify the parties who are responsible for construction and design of the home. There's many defendants in the case, but only two would issue on this appeal. Martin McDonald Development, Inc., which we believe served as the general contractor, and Allen Martin Construction, Inc., which was the grading subcontractor. The district court granted their motion to dismiss on the basis of the statute of repose under California Code of Civil Procedure 337.15. We asked this court to reverse that order so my clients might have the opportunity to prove their claims. Now, each of the defendants has some distinct issues, and there are, I think, two issues that apply to both of them. There's relation back of the correction of the misnomer by which appellants originally named Martin McDonald an individual instead of Martin McDonald Development, the business entity. There's relation back of the Doe Amendment, which added Allen Martin Construction, Inc., and then there's generally sort of adequacy of the pleading as to negligence and then leave to amend as to the willful misconduct exception under the statute of repose. So let's start with Martin McDonald Development, Inc., because that was the court's focus question. There are, as the court knows, under Rule 15c, there's two ways to analyze relation back, under state law or under Rule 15c, and the court takes whichever is more lenient or permissive. Here I think you reach the same result under both frameworks, but I'll start with Rule 15c1c. I want to ask a question right out of the gate about that, and that is, have you waived reliance on 15c1c by not addressing it below? That's not something we address below, and it's not something we brief to this court. I'm responding to the court's order. I think California law—  We can't get there? It's forfeited? Oh, you can get there, Your Honor. I think under the forfeiture doctrine, the court can reach an issue if the issue is clearly legally presented and the record is well enough developed to rule on it, and I think that's the case here. But it feels a little bit unfair to the district court for us to reverse on a basis that wasn't even presented to it. I understand that, Your Honor, but again, I'm responding to the basis that the court brought up here. I do think that under Rule 15c1c, there is a basis for relation back. Certainly, I would want to give Judge Lynn all the benefit of the doubt in her conclusion. She's a very careful judge. But I do think there's a pathway to reversal based on the federal rules that the court identified. Why weren't they raised earlier? We thought that state law provided an adequate rule of decision here. The California case law governing correction of misnomer and relation back, I think, is longstanding, and we thought we met the elements of it. So under Rule 15c1c, there's not a lot of federal, certainly not circuit-level authority on the relationship between Rule 15c1c and statutes of repose. But there's nothing in our circuit, right? Not on Rule 15c1c, Your Honor. That might not be entirely correct. There's a case called Miguel, and I can provide the full citation on rebuttal, that dealt with a claim under, I believe it was the Truth in Lending statute, which the court held the statute of repose there was a jurisdictional bar, and there's no equivalent under California law. So I think that Miguel case, which, again, I can provide, is the closest from this circuit. There's a case in, more broadly with respect to Rule 15c and statute of repose, I think the leading case is the SEPTA case out of the Third Circuit. That's 12F4337, which held that relation back was permissible when allegations in a complaint were amended. There's some contrary district court authority relating to adding parties. I think our case is kind of in the middle, because we're not really adding a party. We're correcting the misnomer of a party that we originally named. And if I could just walk through 15. And you think you can show they were on notice? Yes, we can, Your Honor. Okay, well, just so you know, I don't want to interrupt your argument if that's a problem for me. So I hope you'll circle back to it when you get there. Well, let me, it'll take about 10 seconds here. The requirements of Rule 15c1c are the amendment changes a party or name of the party. The amendment arises out of the same conduct, transaction, or occurrence, and within 90 days after the complaint is filed, which is the time period under Rule 4m, the would-be defendant's on notice. And so here's the timeline here. The complaint was filed on July 22nd, 2022, naming Martin McDonald an individual. On October 5th, 2022, so less than 90 days later, counsel for the plaintiffs called and left a voicemail and texted David McDonald, who we believe was associated with whatever Martin McDonald was. And that's in the record at ER 82. Mr. McDonald confirmed receipt about a month later on November 3rd, 2022. Are you relying on that phone message from counsel? That was responded to, yes. Okay, and who did that counsel represent? That counsel represented my clients, Your Honor. I thought your counsel was on the receiving end of the message. No, I'm sorry. Counsel for the plaintiffs, my predecessor on the case, called David McDonald. Okay, so I, fine. All right. And so then the response, I think, is the same thing that's in the briefing, right? The response was on November 3rd, 2022, where David McDonald told my predecessor that Martin McDonald was not a real person and that who we meant to sue was Martin McDonald Development, LLC, which had actually been dissolved. Right. And okay, keep going. That's in the briefing, that much I've got. Right. Trying to figure out where these two defendants were put on notice of this action. So now you have a phone call back. We have a text and messages back. There was also an email. Actually, I don't think that was correct. There was a call and a voicemail that put the defendants or that put David McDonald on notice that an action had been instituted against, among many others. Right, and that's why he called back. Correct. Right. So what about the other defendant? We, the other defendant was brought in on a DOE allegation. So I think this timeline relates to Martin McDonald Development, Inc. I appreciate that. So I'm trying to figure out how the other defendant, what gets noticed in time that you can take advantage of this rule. I'm not contending that Martin, I'm not contending that Alan Martin Construction is subject to Rule 15c1. I think Alan Martin Construction is a different analysis. Okay, so let's hear that analysis, if you would. Well, that analysis relates to the DOE defendant procedure under California Code of Civil Procedure 474, where if a plaintiff is ignorant of a defendant's identity or their role in the case, they can file what's called a DOE amendment, obviously, and that then relates back. So how are you ignorant? You got a phone call from one of the defendants saying that wasn't a human, those were, that was the name of a firm, right? A former partnership, to use that to paraphrase. And so I think it's pretty clear at that point. Well, we hadn't sued Alan Martin Construction at all then, Your Honor. We weren't aware they existed, that they should have been a defendant, that they had any role on the project. Now you were, because you got this phone call saying that Alan Martin's a different entity, right? I'm not trying to give you a hard time, but I really am leaning into this and trying to figure it out. And I appreciate it, Your Honor. So, okay, thank you. So there were a bunch of DOE defendants, I can't remember, it doesn't matter, you only need one, that were originally named, and you're trying to take advantage of that to name what I'll call the Alan defendant, right? Corporate entity. Correct. And you're doing that, and I think we agree that that presupposes that you have to be able to say, we didn't know, within the time period, we didn't know the identity of that entity. That's correct. So you weren't put on notice of the identity of that entity in the phone call you received back from the one defendant? Based on my understanding, based on what's in the record, that's correct, Your Honor. We learned, and there's a declaration, I believe it's in ER 41, that describes how we became aware of what Alan Martin construction was, and that was during the course of mediation proceedings while the case was stayed. That's, okay, I've got all that now. Now my notes, I understand your theory. Thank you. Okay, thank you, Your Honor. So I think that's the analysis under Rule 15c1c. But the analysis under California law, I think, is a little simpler. And there we rely on the Hawkins v. Pacific Coast case and the Mayberry v. Coca-Cola Bottling Company case. And again, I'm only talking about MMD here, which hold that where a plaintiff, you know, means to sue someone but gets the name wrong, a correction of a misnomer relates back, and the court distinguishes that from the situation where a plaintiff sues a corporation and later thinks that they want to try to establish individual liability against the shareholders, or the same with the partnership. But that's not... But in California law, isn't that whole analysis come under equitable principles, equitable tolling principles? The cases as I read them were a little unclear as to the sort of theoretical genesis of the misnomer doctrine. I don't read them as being unclear. I think California said that that relation back idea is based on equitable tolling. And California has also said that there is no equitable tolling for the statute of repose. I completely agree that California law said there's no equitable tolling under the statute of repose. We concede that for this argument, but there's not a... So I think that's uncontested. But I have the same question about how this isn't... When you're relying on the relation back doctrine, I think you have to stake out the position that this isn't a creature of equity. But, right? Well, I think it's a creature of... I think CCP 474 is a creature of statute. And the courts have held... Go ahead, go ahead. Well, no, and the courts have held that a plaintiff in California has a statutory right to avail itself of the CCP 474 mechanism. Okay, so here's the problem I have. I appreciate that, but it's sort of fuzzy because it's very clear they have to have notice. And if they don't have notice, that's an equitable doctrine that is, I think, being codified there. The concern is whether it's fair to haul somebody in after the expiration of the period. And so that's why this rule has a built-in provision requiring notice. And at least as to Martin McDonnell development, there was notice. So as far as the 10 years... And notice on time. Notice on time. Right, so that's the part that I understand. And so as far as all the policy considerations behind the statute of repose, like putting your carriers on notice or instituting cross complaints against other subcontractors, the defendant was in a position to be able to do so after they received the call and voicemail in October of 2022. So I think that notwithstanding, I mean, the last requirement under 15C1C is that the defendant knew about the action and knew they would have been named, but for the mistake. And certainly when that communication was received, the defendant would have known that there's no such person as Martin McDonald. They must have meant to sue the corporation. Did you sue the correct corporation within 90 days? Did you re-serve him? We... MMD? The timeline is after that call, the case was stayed pretty quickly after filing. The case was stayed as of November 10th, 2022. But we had... We filed the second amended complaint, which named Martin McDonald LLC on February 28th, 2023. And that was after receiving leave to do so. So I do think there was reasonable promptness in acting to add the corporation. Any further questions? And I'm eating a little bit into my rebuttal time, but I'll just, I'll add if nothing else, if it would be helpful, we'd be happy to brief the issue of Rule 15C1C. I know we've already filed our briefs, but if the court's interested in the issues, we'd be happy to provide additional authority. And I'll reserve the remainder of my time for rebuttal. Thank you, counsel. Thank you, Your Honor. Good morning. If it pleases the court, Bart Berenger on behalf of the defendants and appellees, Martin McDonald Development and Allen Martin Construction Incorporated. Your Honors, I don't see that there was either the state requirements met or the federal requirements met. I think the court identifying 15, Rule 15C1 in the relation back was correct. And I think while under Subdivision B, it probably was met, it was not met under either A or C as the court has identified. There was no notice at all given to Allen Martin Construction at all. The first time Allen Martin Construction knew about this was when the third amendment complaint was filed some 16 months after the original. I understand your friend to be arguing for that defendant, the misnomer or the DOE procedure, which is entirely different. So it doesn't really matter whether as to that part, you can satisfy Rule 15 or not. Right. And I think the statute of repose answers that. But it's a different question. Yes, I agree, Your Honor. And so go ahead. We'll take them one at a time. Go ahead. So as to Martin McDonald, it does seem that there are facts in the record to indicate that within that 90 day period, it had notice because David McDonald was the CEO or the somebody associated with that company. And he's the one who informed plaintiffs, hey, you've got the wrong, the person you've named that you think is a person is not a person. It's a business. That's correct, Your Honor. They made a phone call rather than checking the Secretary of State's website. They made a phone call to this person. He said, you've sued an individual and there's no individual of that name. I don't know that that. Right. And he also said other things to indicate that he understood the nature of their lawsuit and that it would be relevant to his business. And so how does that not trigger the requirements of Rule 15 in terms of being on notice that absent a mistake, you would have been named as the party? They didn't name him. Right. That's the point. They didn't name him. But the question is, does this entity know that they should have been named? Except for a mistake. In the second amended complaint, they named a completely different entity. They didn't name Martin McDonald Construction. They named some LLC. And that's because there was a name, a reorganization or something, right? Like the old entity that they named had gone dormant and then it was under a new name again? The old entity had been dissolved. Right. Well, that doesn't mean they can't name them just because they've been dissolved. But I guess I'm still left with how does any of that undermine the fact that the entity was on notice, that somebody was trying to sue them for work that they did and they were having trouble getting the name right, but the entity knows that somebody is trying to sue them. Well, so they called up and said somebody's trying to sue you. There's no indication that they served this person with a copy of the complaint. I don't see that requirement in Rule 15-1 or C-1C. I only see the requirement that within 90 days of the filing of the original complaint, the actual party who should have been sued knows that they should have been the one named. But we don't even know what, there's no indication in the record that David McDonald was the responsible person for that company, Your Honor. That's not in the record. Well, unless it gets back to, I mean, the argument under 15-C-1C wasn't actually raised to the district court and perhaps if it had been, the district court could have developed the record on these points. And do you need me to talk about the statute of repose with regard to either case? I thought your position was that the statute of repose is absolute and there are no equitable or procedural exceptions that apply in this case. There are some. And in fact, Judge Lynn allowed the court, allowed them to amend the third admitted complaint to try to provide that, but they weren't able to do that. So on the fourth admitted complaint, she dismissed it. She recognized it both in my client's case and another client named B-Wise in this matter, which she refers to in her ruling in our case, and she says, I gave you a chance and you couldn't do it. And they can't. So. And you're referring to the Doe issue? No, the equitable totally, as Judge asked about. To what extent did she rely on, to what extent should we rely upon your contention that the allegations in the proposed fifth amended complaint don't satisfy Iqbal Twombly, still don't put them on notice of what it is they were supposed to have done wrong? In the fourth admitted complaint, Your Honor? I'm not sure what the operative complaint is. I'm sorry. In the briefing, it's FAC. Is that fourth amended complaint or fifth amended complaint? I think it's fourth. Okay. Yeah. And I think Judge Lynn referred to it because she went right into the case of Lansing and the reasoning that applied there and followed that, I think perfectly. That's how it should have been come down. They were given an opportunity to cure the deficiencies that she pointed out. The implication arises that except as stated, and for important policy reasons, the legislature meant the generous 10-year period set forth in 337.15 be firm and final. I'm not doing a very good job, but I'm trying to ask a different question. And that is if they were to get through all of the hoops, the problems with service and relation back, do you read the order to rely on a separate problem, which I understood you to be advancing, that the allegations in the proposed complaint are still insufficiently vague? Absolutely. Yes, that's what Judge Lynn found. Yes. The opposing counsel responds to that by saying, we discovered these defects at the 11th hour and we haven't had an opportunity to do any discovery. This is the sum total of what we know and the remaining facts are within your client's knowledge. How do you respond to that? Well, this case was filed in 2022. Your Honor, there was 16 months before either of my clients were brought into the case. In order to toll, you have to find a fraudulent concealment or an intentional misrepresentation. Yeah, but I'm not talking about tolling. I'm talking about the adequacy of the allegations. It's an Iqbal Twombly problem. I think that's how I read your concern. Yeah. That it still is impermissibly vague. Yeah, the problem is the only way that they could toll it and get it past the statute of repose is if they found that there was some fraudulent concealment or intentional misrepresentation on behalf of my clients. They had 22 months before they, well, they had 10 years and then until they filed the complaint and then another 22 months after that time to find a fraudulent concealment or intentional misrepresentation on behalf of my clients and there wasn't any. Judge Horst, do you have additional questions? One last one. I want to be clear on your position on Rule 15 C1c. Is your position that we shouldn't consider it or is your position that it doesn't matter if we consider it because they can't meet the requirements? It doesn't matter. It doesn't matter if you consider it because they can't meet the requirements.  Thank you, Your Honor. Just a few quick points, Your Honor. Thank you. First, the reason my clients named Martin McDonald Development LLC in the second amended complaint is because that's the entity that Mr. McDonald identified when he communicated with my client's counsel and that's in the record at ER 82. So to, I'm sorry, Your Honor. No, I appreciate that. My difficulty is it seems to be really playing fast and loose with the corporate form and just assuming that since this individual has this, that's his name on the company, that that entity is now, the corporate entity is now on notice, officially on notice for purposes of proper service. And I just don't see it that's been addressed here. I'm very distracted by trying to figure out if the right entity was ever put on notice for either one of these. I've got a different set of DOE problems, but for MMD, that's, what can you tell me about that? Well, I can tell you what's in the record, which is that on November 3rd, 2022, David McDonald left a voicemail for appellant's counsel, said that he was the project manager for the general contractor and developer of the property, which was Martin McDonald Development LLC. And so that's, I think that's an admission that my clients relied on in suing the LLC. And so to the extent that there's a gap during which we proceeded against the LLC, against the corporation, I think for that time period, there might be a basis for equitable estoppel, which Lancey left open as a way to toll the statute of repose under 337.15. And just with respect to the adequacy of the allegations, the fourth amended complaint, correct, we were granted leave to file the fourth amended complaint to correct pleading deficiencies as to a separate defendant, not as to these two defendants. If the court's concerned about pleading deficiencies with respect to simple negligence, I think that's something that could have easily been cured with an amendment based on the representations we made in the opposition brief about their roles. Okay, and those representations are we now know, at least this much, we know the names of these entities and one of them was a general contractor and one was the framing contractor. Grading or framing contractor, yes, your honor. Grading or framing contractor, yes. I think it was grading. Grading? Grading. Oh, I thought it was framing. Okay, anyway, that's the extent of it. That's the extent of it. If we were asked to, if we were given leave to allege willful misconduct for purposes of 337.15, we have developed additional facts and discovery since this motion was litigated that we would allege, but obviously those weren't before Judge Lynn on the motion. I'm happy to tell you what they are, but I... Let's stick to the record, if you would. Understood, your honor. With that, we'd ask the court to reverse. I've got a couple of questions, if you don't mind. Of course. And at the onset, I'll say, I realize this hasn't been necessarily the subject of briefing, so bear with me. Do you believe that the statute of repose in California is a substantive statute or a procedural statute? It speaks in terms of procedure. It starts with the phrase, no action can be brought, which I think differentiates it from some of the federal statutes of repose that, for example, under the Truth in Lending Act, extinguish a right to rescission. Would you agree that if it is a substantive statute, that the Rules Enabling Act would mean that Rule 15 has no bearing at all here? I think that's probably right, your honor. And I think then the court would apply Rule 15C1C if it was more lenient. And my final question is just, I'm just curious, how much is at stake here? Millions of dollars, your honor. Okay. Thank you. Thank you. Thank you both. We'll take that matter under advisement.
judges: THOMAS, CHRISTEN, FORREST